United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-31234
Summary Calendar
_____

BRUCE E. GARDNER,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana, Lafayette
USDC No. 6:03-CV-1756
_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bruce E. Gardner appeals the district court's decision affirming the Commissioner's denial of social security disability benefits because the Commissioner determined that Gardner was not disabled under the Social Security Act.   We affirm for the following reasons:

1. We agree with the analysis offered in the magistrate judge's report and recommendation and the district court's order accepting the magistrate's recommendation.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

2. Gardner's main argument is that the ALJ erred in finding that the hypothetical situation presented to the vocational expert was appropriate; that is, the ALJ erred when she found that Gardner could perform work that exists in significant numbers, based on a hypothetical situation in which the vocational expert assumed that Gardner could sit for six hours in an eight-hour workday.

This Court's review is restricted under 42 U.S.C. § 405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 135. This Court may not re-weigh the evidence, nor substitute its judgment for the Commissioner's. Id. This rule applies even if the preponderance of the evidence does not support the Commissioner's conclusion. Id. A finding of no substantial evidence is only appropriate when no credible evidentiary choices or medical findings support the Commissioner's decision. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

3. Gardner argues that the limitations presented in the hypothetical (mentioned above) were inappropriate because the evidence shows that he could not sit for six hours in an eight-hour workday. The record shows that two of the four doctors who examined Gardner, one of whom was Gardner's treating physician,

indicated that he could do light work. Such aforementioned sitting requirements are part of the definition of the ability to do light work. The ALJ is entitled to determine the credibility of the examining physicians and medical experts and weigh their opinions accordingly. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). It is within the ALJ's discretion to resolve issues of conflicting evidence. Jones v. Heckler, 702 F.2d 616, 621 (5th Cir. 1983). Thus, the record, through the statements of the doctors, supports the ALJ's finding that Gardner could sit for six hours.

Gardner also argues that the limitations were inappropriate for failing to include his depression as a limitation. He admits, however, that he did not raise this argument in his principal brief to the district court. Furthermore, the ALJ appeared to consider the evidence of depression in her opinion and the only doctor who presented evidence on the issue stated that Gardner's depression was mild and did not inhibit his daily functions or relationships.

Gardner further argues that the fact that Gardner had counsel present, who could have cured the error of the hypothetical, does not mitigate the effect of the error. Because substantial evidence supports the application of the hypothetical, it is unnecessary to address this argument.

4. Gardner argues that the legal standard applied by the ALJ was incorrect, first, because "there is no mention of any

3

functional limitation by the [ALJ]."  As the ALJ considered a wide array of limitations in this case, this argument is meritless.

Gardner then seems to argue that, because Gardner suffers from both exertional and non-exertional limitations, the ALJ should not have used the Medical-Vocational Guidelines.  This argument is also meritless.  The ALJ noted that Gardner could not perform the full range of light work, but only a limited range.  She further noted that he had both exertional and non-exertional limitations, and properly used the Guidelines as a "framework" for considering how much Gardner's work capability was further diminished.  20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2) (2005).  Using the Guidelines as a "framework," the ALJ properly relied on the vocational expert's testimony and the medical evidence to determine that Gardner could perform a significant number of jobs, and thus was not disabled.

For these reasons, the judgment of the district court is

AFFIRMED.